IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

SUHERMAN JAKE FABIO,

    Petitioner,

v.                                   No. 1:26-cv-01212-KG-KK

MARY DE ANDA-YBARRA, et al.,

    Respondents.

## **MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Petitioner Suherman Jake Fabio's Petition for a Writ of Habeas Corpus, Doc. 1, and the Government's Response, Doc. 6.  For the reasons below, Petitioner's habeas petition is granted.

### I.   *Background*

Petitioner is a citizen of Indonesia.  Doc. 6 at 1.  He entered the United States on August 6, 2023, on a B2 non-immigrant visa which expired on February 5, 2024.  *Id.*  The Woodbridge, New Jersey, Police Department arrested Petitioner on February 28, 2025, for Simple Assault, Harassing Communication, and Domestic Violence.  *Id.* at 2.  Immigration authorities issued a Notice to Appear indicating that Petitioner had overstayed his visa and was subject to removal. *Id.*  Petitioner was transferred to the Cibola County Correctional Facility pending removal proceedings.  *Id.*

On March 27, 2025, an immigration judge found that Petitioner poses a danger to the community and denied bond.  *Id.*  On June 4, 2025, an immigration judge found that Petitioner is removable but granted withholding of removal to Indonesia.  *Id.* at 3–4.  Petitioner did not appeal the order of removal, and thus the order became final on July 4, 2025.  *Id.* at 4.

Petitioner seeks release from detention, alleging that his detention post-removal order exceeds the six-month presumptively reasonable period.  Doc. 1 at 15.  He also argues that his removal is not reasonably foreseeable.  *Id.*  The Government opposes the petition.  Doc. 6.

## II.      Standard of Review

A petition for a writ of habeas corpus seeks "release from unlawful physical confinement."  *Preiser v. Rodriguez*, 411 U.S. 475, 485 (1973).  Habeas corpus review is available if a noncitizen is "in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3); *see also Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

## III.     Analysis

Under the Immigration and Nationality Act ("INA"), when a noncitizen is ordered removed, the Government must execute the removal within a 90-day "removal period."  8 U.S.C. § 1231(a)(1)(A).  "During the removal period, the Attorney General shall detain the alien." § 1231(a)(2).  As relevant here, the "removal period begins" when the removal order "becomes administratively final."  § 1231(a)(1)(B).

Although the Government may continue to detain an "inadmissible" noncitizen beyond the 90-day removal period, *see* § 1231(a)(6), it may not detain them "indefinitely."  *Zadvydas*, 533 U.S. at 699.  A six-month detention is presumptively reasonable.  *Id.* at 701.  This presumptively reasonable period does not begin until the noncitizen is detained.  *See Callender v. Shanahan*, 281 F. Supp. 3d 428, 435 (S.D.N.Y. 2017) (stating that the presumptively reasonable period under *Zadvydas* "could not have begun until [the petitioner] was detained by ICE"); *see also Cheng Ke Chen v. Holder*, 783 F. Supp. 2d 1183, 1192 (N.D. Ala. 2011) ("*Zadvydas* time" cannot run "while a petitioner is not in custody").  After six months, if the noncitizen "provides good reason to believe that there is no significant likelihood of removal in the reasonably

2

foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Zadvydas*, 533 US. at 701.

Under these principles, Petitioner has met his burden of showing that there is no significant likelihood of removal in the reasonably foreseeable future. *See id*. Petitioner's removal became final on July 4, 2025. Doc. 6 at 4. Petitioner has been detained for over one year, well beyond the six-month period deemed presumptively reasonable by the Supreme Court. As Petitioner highlights, the Government has not obtained travel documents from any third country, and over ten countries have denied the Government's request to accept Petitioner for repatriation. Doc. 1 at 3; Doc. 6 at 6–7. As a result, the Court is persuaded that Petitioner's removal to a third country remains unlikely.

The Government has produced little evidence to rebut Petitioner's showing. The Government states that its "efforts to remove Petitioner to a safe third country are continuing," but it has not submitted proof of a travel document, proof of acceptance by a third country, proof of a scheduled removal, or any evidence that Petitioner's removal is reasonably foreseeable. *See Lush Ndou v. Noem*, 2026 WL 686564, at * 2 (D.N.M.) (concluding that "the completion of a pre-removal check" and assurance that arrangements are being made "do not amount to a significant likelihood that Petitioner will be removed in the reasonably foreseeable future. Good faith efforts are not enough."); *see also Yan-Ling X. v. Lyons*, 2025 WL 3123793, at * 4 (E.D. Cal.) ("The phrase 'significant likelihood' requires something more than a mere possibility that removal will occur."). In fact, the Government concedes that Canada, the Netherlands, Australia, Singapore, Malaysia, Cambodia, Thailand, and the Philippines, have all denied its requests to accept Petitioner for repatriation. Doc. 6 at 6–7. In sum, the Government has not demonstrated that Petitioner will be removed in the reasonably foreseeable future. For these

reasons, the Court concludes that Petitioner is entitled to release from custody subject to reasonable conditions of supervision.

## IV.    *Conclusion*

For the reasons above, the Court orders that:

1. The Petition for Writ of Habeas Corpus, Doc. 1, is granted. The Government shall release Petitioner within 24 hours of this Order. The Government shall not impose any new conditions of release beyond those in place prior to Petitioner's detention.

2. The Government is enjoined from redetaining Petitioner absent a predetention hearing before a neutral immigration judge under § 1226(a), at which the Government must establish, by clear and convincing evidence, that Petitioner poses a danger or flight risk.

3. The Government shall file a status report within 10 business days of this Order certifying compliance.

IT IS SO ORDERED.

/s/Kenneth J. Gonzales
CHIEF UNITED STATES DISTRICT JUDGE

- Please note that this document has been electronically filed. To verify its authenticity, please refer to the Digital File Stamp on the NEF (Notice of Electronic Filing) accompanying this document. Electronically filed documents can be found on the Court's PACER public access system.